UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HAROLD A. KRUEGER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 5:19-cv-88 |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HAROLD A. KRUEGER, JR., by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Spring Branch, Comal County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, which allegedly originated as an American Express debt.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

21. Within the past year prior to Plaintiff filing this complaint, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff on his cellular telephone at xxx-xxx-9001 in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff on his other cellular telephone at xxx-xxx-4546 in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff on his wife's cellular telephone at xxx-xxx-4562 in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from several numbers, including 800-846-6406, which is one of Defendant's many telephone numbers.

26. Since Defendant started calling Plaintiff, Plaintiff answered collection calls from Defendant and spoke to its collectors.

27. During the above-referenced collection calls, Defendant's collectors refused to identify who they were or why they were calling.

28. Defendant also leaves voicemail messages for Plaintiff.

29. Defendant's voicemail messages to Plaintiff fail to disclose that the call is coming from GC Services, LP.

30. Defendant's collectors that left the above-referenced voicemail messages know that the FDCPA and TDCA require debt collectors to identify the company's name when placing a telephone call.

31. Defendant's voicemail messages to Plaintiff fail to disclose that the calls were placed in an attempt to collect the alleged debt.

32. Defendant's collectors that left the above-referenced voicemail messages know that the FDCPA and TDCA require debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

35. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

36. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

37. Defendant places collection calls to Plaintiff at an annoying and harassing rate.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and

harassing rate;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate;

c. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP;

d. Defendant further violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors refused to tell Plaintiff that the calls were from GC Services, LP;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

f. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collectors refused to tell Plaintiff that the communication was an attempt to collect a debt during collection calls;

g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

    h. Defendant further violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant's collectors refused to tell Plaintiff that the communication was an attempt to collect a debt during collection calls;

    i. Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

    j. Defendant further violated § 1692e(11) of the FDCPA when Defendant's collectors refused to tell Plaintiff that the communication was an attempt to collect a debt during collection calls; and

    k. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, HAROLD A. KRUEGER, JR., respectfully request judgment be entered against GC SERVICES, LP, for the following:

    a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

    b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

39. Plaintiff repeats and realleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the TDCA based on the following:

   a. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number when Defendant called Plaintiff at an annoying and harassing rate;

   b. Defendant violated Tex. Fin. Code § 392.304(4) when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP and disclose who the Plaintiff allegedly owes money to;

   c. Defendant further violated Tex. Fin. Code § 392.304(4) when Defendant refused to state that the call was from GC Services, LP and disclose who the Plaintiff allegedly owes money to during collection calls;

   d. Defendant violated Tex. Fin. Code § 392.304(5) when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt;

   e. Defendant further violated Tex. Fin. Code § 392.304(5) when Defendant did not state the communication was an attempt to collect a debt during collection calls.

WHEREFORE, Plaintiff, HAROLD A. KRUEGER, JR., respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

DATED: February 1, 2019 RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff